UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN BARBIERI and THOMAS RADOMSKI,  )
                Plaintiffs,     )
                      )    No. 1:23-cv-525
-v-                   )
                      )    Honorable Paul L. Maloney
THOMAS JEITSCHKO, *et al.*,       )
                Defendants.    )
_____)

## OPINION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCITON

In the spring 2023 semester, Plaintiffs Nathan Barbieri and Nolan Radmoski enrolled in a marketing course at Michigan State University taught by Defendant Amy Wisner. Plaintiffs contend that Wisner required students to purchase a membership to The Rebellion Community, an on-line platform controlled by Wisner. Plaintiffs assert that Wisner used the membership funds for political speech and for a political agenda with which Plaintiffs disagree. Plaintiffs also suggest that Wisner donated some portion of the membership funds to Planned Parenthood, an organization that Plaintiffs do not support. Plaintiffs filed this lawsuit against Wisner and also named as defendants, in their official capacities, two members of the administration at Michigan State University (MSU), Interim Provost Thomas Jeitschko and Interim Dean of the College of Business Judith Whipple.

Along with the complaint, Plaintiffs filed a motion for a preliminary injunction (ECF No. 2). Plaintiffs seek separate injunctions against MSU and against Wisner. The two MSU administrators filed a response (ECF No. 14) and Plaintiffs filed a reply (ECF No. 21). Wisner filed her own response (ECF Nos. 18 and 19) and Plaintiffs filed a reply (ECF Nos.

22 and 23).  The Court will resolve Plaintiffs' request for preliminary injunctive relief without a hearing and will deny Plaintiffs' motion.

I.

Rule 65 of the Federal Rules of Civil Procedure governs requests for preliminary injunctions.  District courts exercise their discretion when granting or denying preliminary injunctions.  *Planet Aid v. City of St. Johns, Michigan*, 782 F.3d 318, 323 (6th Cir. 2015).  When deciding a motion for a preliminary injunction, a court should consider and balance four factors: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) the balance of equities; and (4) whether granting injunctive relief services the public's interest.  *Daunt v. Benson*, 956 F.3d 396, 406 (6th Cir. 2020).  The United States Supreme Court has stated that a preliminary injunction is an "extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 690 (2008) (citation omitted), that should "only be awarded upon a clear showing that the plaintiff is entitled to such relief," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).

II.

Plaintiffs plead three causes of action in their complaint: (1) compelled speech in violation of the First Amendment, (2) compelled association in violation of the First Amendment, and (3) unconstitutional conditions.  The claims against Wisner arise from her course requirement to pay for a membership with The Rebellion Community.  The claims against MSU arise from university policies that allegedly permit Wisner to include the course requirement.

Against Defendant Wisner, Plaintiffs request the following preliminary injunctive relief: (1) return the funds Plaintiffs were force to pay in membership fees; (2) refrain from using the funds she unlawfully obtained to further the political expression of The Rebellion Community; (3) refrain from using the funds she unlawfully obtained to further her own political expression in any capacity; (4) refrain from donating those funds to other organizations, including Planned Parenthood; (5) provide a full accounting of every expenditure that she has financed with the proceeds of the membership fees for The Rebellion Community (ECF No. 2 PageID.90).

Against MSU, Plaintiffs request the following preliminary injunctive relief: (1) instruct all faculty that their discretion to select course materials does not include authority to require students to pay membership fees to outside organizations or to financially support any private expression and (2) not apply the current policies to authorize faculty to require students to pay membership fees to outside organizations or to financially support any private expression (ECF No. 2 PageID.91).

## A.  Likelihood of Success on the Merits

Plaintiffs have not demonstrated a *substantial* likelihood of success on the merits of any of their claims.  *See Winter*, 555 U.S. at 22 (holding that the mere possibility of irreparable harm does not meet the standard that requires party seeking a preliminary injunction to show that irreparable harm is likely); *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) ("Under *Winter's* rationale, any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible.").    The Court acknowledges that Plaintiffs have allegations and

inferences that support their claims.  But for this motion, the Court cannot accept the portions of the record favorable to Plaintiffs and ignore the portions of the record favorable to Defendants.  The competing allegations are equally plausible.  As a result, the Court finds that Plaintiffs have not met their burden for a preliminary injunction.

For their compelled speech claim, Plaintiffs contend that they oppose subsidizing the speech of The Rebellion Community or any organization to which The Rebellion Community or Wisner might donate the proceeds of the membership fees (Compl. ¶ 156 PageID.30).  The allegations in the pleadings support Plaintiffs' claim that their membership fees were used to support speech with which they disagree.  And, in June 2022, about six months or so before the Spring 2023 semester began, Wisner stated in a social media post that "100% of membership fees are donated to Planned Parenthood" (ECF No. 1-8 PageID.72).  But, Plaintiffs acknowledge that evidence exists that undermines their claim that membership fees were used to support speech that they oppose.  When a student enrolls on the website, the students receive an informative prompt indicating that their membership fee is used for a particular purpose: "Your membership fees are used to (1) pay for use of the technology and (2) pay guest speakers, educators, and facilitators" (ECF No. 1-7 PageID.70).  In her affidavit filed in response to the preliminary injunction, Wisner avers that she "only used the students' membership fees for operational expenses" of her website (ECF No. 19-2 Wisner Aff. PageID.235).  She also avers that during the assigned lecture time on February 6, 2023, she "explicitly told those in attendance students' membership fees were devoted to operational expenses and that I did not donate any of their money to Planned Parenthood and/or charity" (*id.*).  The record contains other evidence that allow for the inference that

the student membership fees were used for operational expenses of the website.  The course syllabus references a private space on the website dedicated to the class (ECF No. 1-6 PageID.59).  And, images of the website shows that it includes a specific area for the class (ECF No. 1-10 PageID.77).

For their compelled association claim, Plaintiffs contend that the membership requirement constitutes forced association with an expressive community, a community that expresses viewpoints with which Plaintiffs disagree (*See* Compl. ¶ 167 PageID.32).  At present, the compelled association line of cases from our Supreme Court is in flux.  In 2018 in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), the Court struck down as unconstitutional an Illinois statute that compelled public employees who were not members of a union to pay a prorated portion of the union dues.  The Court explicitly overruled the holding in *Abood v. Detroit Board of Education*, 431 U.S. 290 (1977). *Janus*, 138 S. Ct. at 2486.  Following *Janus*, the Sixth Circuit has declined to interpret the holding broadly, noting that the Court did not overrule other compelled association opinions addressing other situations like state bar associations.  *Taylor v. Buchanan*, 4 F.4th 406, 408-09 (6th Cir. 2021)  It is not clear whether the facts in the case are more like those in *Janus* or more like the facts in state bar cases which would allow for the collection of membership fees so as the fees are not used for non-germane political or ideological activities.  As mentioned above, the record contains evidence that Plaintiffs' membership fees were not used for ideological purposes with which Plaintiffs disagree.  While Plaintiffs have presented facts that would make a compelled association claim

plausible, the facts to not rise to the level of substantial likelihood of success sufficient for a preliminary injunction.

Finally, for their unconstitutional conditions claim, Plaintiffs contend that Defendants' policies compelled Plaintiffs to surrender their rights to be free from compelled speech, compelled association and burdened their free exercise of religion in order to participate in the class, a course required to earn their degree.  The Court infers that the alleged burden on Plaintiffs' free exercise of religion arises from the compelled speech or association that would conflict with Plaintiffs' religious beliefs.  Because Plaintiffs have not met their burden for the compelled speech and the compelled association claims, neither serves as a basis for the unconstitutional condition claim.

### B.  Irreparable Harm

Even Plaintiffs had demonstrated a substantial likelihood of success on the merits, the Court finds that Plaintiffs have not established irreparable harm in the absence of an injunction.  Ordinarily, when a party seeks a preliminary injunction based on violations of the First Amendment, the success on the merits factor will be dispositive.  *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Govt.*, 305 F.3d 566, 578 (6th Cir. 2002).  That is not the case here.

Functionally, Plaintiffs argue that until Wisner returns the money Plaintiffs paid as a membership, Plaintiffs will continue to suffer a constitutional injury.  Plaintiffs reason that as long as Wisner has their membership fees, the constitutional violations are occurring and warrant an injunction.  *See American Civil Liberties Union of Kentucky v. McCreary Cty. Kentucky*, 354 F.3d 438, 445 (6th Cir. 2003).  For the claims against Defendant Wisner, the

Court notes that the record contains evidence that Wisner previously offered to return or refund the membership fees (Wisner Aff. PageID.235).  She states that "17 students who requested refunds from the Rebellion were refunded their $99.00" (*id.*)  Even if Plaintiffs were injured when they paid the course-required membership, Plaintiffs cannot establish the irreparable injury element necessary for a preliminary injunction after declining Wisner's offer to refund their money.  Following the offer to refund the membership fee, Plaintiffs' choice, not Wisner's course requirement, allows the alleged irreparable harm to continue.  Plaintiffs filed affidavits in response, stating that they "do not recall Defendant Wisner offering students the opportunity to receive a refund" (ECF No. 22-1 Barbieri Aff. PageID.298; ECF No. 22-2 Radomski Aff. PageID.301).  Plaintiffs do not deny Wisner's assertion.  Plaintiffs' affidavits neither meet their burden to show irreparable harm nor undermine Wisner's sworn statement.  *See Boykin v. Family Dollar Stores of Michigan, LLC*, 3 F.4th 832, 839-40 (6th Cir. 2021) ("[C]onvenient memory lapses do not create factual disputes that are genuine.") (collecting cases); *accord Trahanas v. Northwestern Univ.*, 64 F.4th 842, 658 ("Her lack of recollection does not create a genuine dispute of material fact about whether the university considered her application and denied it due to Schwulst's letter."); *Fischer v. Hoven*, 925 F.3d 986, 989 (8th Cir. 2019) ("Because Fischer could not remember most of her interactions with Hoven—and thus could did not present a different version of the facts—there is no factual dispute in this case."); *Larsen v. Citibank FSB*, 871 F.3d 1295, 1308 (11th Cir. 2017) ("He merely asserts that he cannot recall whether he received a copy of that document.  His lack of memory is insufficient to create a genuine dispute of fact.").

For the claims against MSU, Plaintiffs have not established any threat of irreparable harm absent an injunction.  Plaintiff have not alleged that they have enrolled in classes that have a course requirement similar to the one imposed by Wisner.  Plaintiffs have not established that any other professor at MSU has a course requirement similar to the one imposed by Wisner.  Plaintiffs plead that MSU's policies permitted Wisner to impose the membership fee (*see* Compl. ¶¶ 129-30 PageID.25-26).  However, the record contains some evidence that MSU counseled Wisner before the semester started not to use her platform and subsequently fired her for violating MSU's conflict of interest policy (ECF No. 14 PageID.171).  That evidence undermines Plaintiffs' argument that they face irreparable harm without the requested injunctive relief against MSU.  Plaintiffs have not established an ongoing or imminent threat of a constitutional violation, only the possibility of future violation.  *See Winter*, 555 U.S. at 22.

## C.  Balance of the Equities and the Public's Interest

"Crafting a preliminary injunction is an exercise of discretion and judgment, often dependent as much on the equities of a given case as the substance of the legal issues it presents.  The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward."  *Trump v. Int'l Refugee Assistance Project*, 582 U.S. 571, 579 (2017) (internal citations omitted).  "In each case, a court must balance the competing claims of injury and must consider the effect on each party of granting or withholding the requested relief."  *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542 (1987).

The balance of the equities does not favor granting the relief sought by Plaintiffs in this motion for a preliminary injunction. Because the record contains evidence that Wisner offered to refund the membership fees, the Court declines to order her to refund the money as preliminary injunctive relief. Equally important, this particular request for preliminary injunctive relief, the refund, is a legal remedy, not an equitable one. *See Lee v. Ohio Educ. Asso.*, 951 F.3d 386, 391 (6th Cir. 2020) (discussing *Montanile v. Bd. of Trustees of Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 143-146 (2016)). Plaintiffs acknowledge that they already received a refund of $99 from MSU (Compl. ¶ 117 PageID.23), making Plaintiffs whole for any claim for money damages related to the membership fee itself.

Most of the other injunctive relief Plaintiffs request against Wisner would be impracticable, impossible or would violate her First Amendment rights. Plaintiffs ask the Court to prevent Wisner from using their membership fees to engage in activities protected by the First Amendment. This particular request overlooks the fact that money is fungible. *See Robers v. United States*, 572 U.S. 639, 643 (2014); *Billy F. Hawk, Jr. GST Non-Exempt Marital Trust v. Comm'r of Internal Revenue*, 924 F.3d 821, 826 (6th Cir. 2019). The Court could not enforce the requested injunction because it would not be practicable or possible to connect Wisner's future free speech activities to Plaintiffs' membership fees. *See, e.g., Century Business Servs., Inc. v. Utica Mut. Ins. Co.*, 122 F. App'x 196, 203 (6th Cir. 2005) (Essentially, Utica appears to contend that the $350,000 that was repaid was part of the money 'borrowed' during the first policy and not the second. We are unclear as to how Utica can know this, given the fungible nature of money."). And, entering too broad of an injunction would interfere with Wisner's protected rights. The proper relief for a

preliminary injunction arising from violations of free speech cannot be additional restrictions on free speech.  In light of the problems the Court has identified with the merits and irreparable harm, the Court equities do not weigh in favor of ordering Wisner to provide an accounting as a preliminary injunction.  And, because Plaintiffs have not established that they face any threat of a course requirement similar to the one Wisner imposed, the equities do not favor ordering a preliminary injunction against MSU.

Based solely on the pleadings, the public's interest weighs in favor of granting a preliminary injunction.  The public has an interest assuring that state universities do not violate the constitutional rights of students.  Based on the entire record, however, the public's interest does not weigh strongly in favor of a preliminary injunction.

## III.

The Court will deny Plaintiffs' motion for a preliminary injunction.  The evidence Defendants have put in the record in opposition to the motion implicates the analysis of the first three factors a preliminary injunction.  Plaintiffs have not demonstrated that they currently suffer an on-going constitutional violation or that one will occur absent an injunction.  Wisner offered to return Plaintiff's money and Plaintiffs have not established the threat that any similar course requirement might be imposed.  The balance of the equities weigh against a preliminary injunction as, at least for Defendant Wisner, Plaintiffs seek an injunction that would violate her First Amendment rights.

## <u>ORDER</u>

For the reasons outlined in the accompanying Opinion, the Court **DENIES** Plaintiffs'

motion for a preliminary injunction (ECF No. 2).  **IT IS SO ORDERED.**

Date:   <u>August 28, 2023</u>            <u>/s/  Paul L. Maloney</u>
                                            Paul L. Maloney
                                            United States District Judge